# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**HOWARD LEE LEACH**                                                                                    **PLAINTIFF**
**ADC # 111353**

**V.**                          **CASE NO.: 4:07CV00881WRW/BD**

**LEROY BROWNLEE**                                                                                       **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the recommendations.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

1

## II. Background:

Plaintiff, an inmate of the Tucker Maximum Security Unit of the Arkansas Department of Corrections (the "ADC"), filed a pro se Complaint (#2) under 42 U.S.C. § 1983, seeking injunctive relief from Leroy Brownlee in his official and personal capacities. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* (#1). The Plaintiff's Complaint should be dismissed under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). Further, even if Plaintiff were not barred by the three-strikes provision of the PLRA, he would not be entitled to the injunctive relief he seeks. Accordingly, the Court recommends that Plaintiff's Complaint be DISMISSED without prejudice and that his Motion for Leave to proceed *In Forma Pauperis* be DENIED as moot.

## III. Discussion:

A. *Standard*

The PLRA requires federal courts to dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In conducting a review for failure to state a claim, the Court is mindful that a complaint should be dismissed only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n. v. Springdale Sch. Dist.*,

133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

B.   *Three-Strikes Provision*

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte*, or upon motion of a party, if it determines that the prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

During Plaintiff's incarceration, he has filed at least four prior § 1983 actions in the United States District Court for the Western District of Arkansas that have been

dismissed as frivolous.[1]  Further, Plaintiff fails to satisfy the imminent-danger-of-serious-physical-injury exception contained in 28 U.S.C. § 1915(g).

In his Complaint, Plaintiff claims that the Parole Board recently has ordered him to complete an eight-month sex offender program at the Malvern Prison Unit of the ADC to become parole eligible.  Plaintiff states that he is currently in administrative segregation at the Tucker Unit, and claims that he should not be transferred to the Malvern Unit because he would be forced to share a small cell with a convicted sex offender.  Plaintiff asserts that "this is a very unsafe [and] dangerous environment" and that "these sex offenders will have the opportunity to cut [his] throat whenever [he is] sleeping . . . because there is no [administrative] segregation."  (Complaint at p. 2).  Such conclusory and general assertions are insufficient to invoke the imminent-danger-of-serious-physical-injury exception contained in 28 U.S.C. § 1915(g).  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  In *Martin*, the Court explained, "absent specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," a plaintiff fails to satisfy the requirements to the exception contained in § 1915(g).  *Id.*  Because Plaintiff fails to allege any specific fact

---

[1] See *Leach v. Arkansas Department of Correction, et al.*, Civil No. 02-5084 (dismissed as frivolous on June 24, 2002): *Leach v. White, et al.*, Civil No. 01-5081 (dismissed as frivolous on June 27, 2001); *Leach v. Story*, Civil No. 00-5070 (dismissed as frivolous on May 4, 2000).  Further, the Federal District Court for the Western District of Arkansas previously has applied the three-strikes provision to a § 1983 case filed by Plaintiff.  See *Leach v. Norris*, Civil No. 02-5724 (revoking *in forma pauperis* status based on the three-strikes provision).

allegations demonstrating any likelihood of imminent serious physical injury, Plaintiff's Complaint should be dismissed pursuant to the three-strikes provision of the PLRA.

C.      *Claim for Injunctive Relief*

Even if Plaintiff were allowed to proceed, the Plaintiff would not be entitled to the injunctive relief he seeks.  The Court assesses the following factors when analyzing a request for preliminary injunctive relief: (1) "the threat of irreparable harm to the movant; (2) the balance between the alleged harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  "Although no single factor is dispositive, a movant must establish a threat of irreparable harm; without a finding of irreparable injury a preliminary injunction should not be issued." *Risdale v. Hedgepeth,* 24 F.3d 242 (8th Cir. 1994)(unpublished opinion)(citing *Modern Computer Sys., Inc., v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989)).  If the possible harm identified is wholly speculative, it should not be considered irreparable.  See *id.*

Further, for an injunction to issue in a § 1983 action, that court must find that a "constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).  "The court must determine that a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Id.*

Here, Plaintiff has failed to show that he will suffer any irreparable harm if he is transferred to the Malvern Unit to complete the eight-month sex offender program. The harm described in Plaintiff's Complaint is purely speculative. In addition, Plaintiff fails to allege any real or immediate constitutional violation necessary to proceed with a §1983 action. "There is no liberty interest in assignment to any particular prison." *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997)(citing *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996)). Accordingly, the Court recommends that Plaintiff's Complaint be dismissed.

## IV. Conclusion:

The Court recommends that Plaintiff's Complaint be DISMISSED without prejudice and that his Motion for Leave to Proceed *In Forma Pauperis* be DENIED as moot.

Dated this 2nd day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE